# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **FATIMA JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 7:11-CV-3733-VEH |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **ACTING COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION[1]

Plaintiff Fatima Jackson ("Ms. Jackson") brings this action under 42 U.S.C. § 405(g) (2006), Section 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application for Disability Insurance Benefits

---

[1] The court recently became aware that Carolyn W. Colvin was named the Acting Commissioner of the Social Security Administration on February 14, 2013. *See* http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.") (last accessed on Mar. 13, 2013). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

("DIB") and Supplemental Security Income ("SSI").[2]  Ms. Jackson timely pursued and exhausted her administrative remedies available before the Commissioner.  The case is thus ripe for review under 42 U.S.C. § 405(g).[3]

## FACTUAL AND PROCEDURAL HISTORY

Ms. Jackson was thirty-five years old at the time of her hearing before the Administrative Law Judge ("ALJ"). (Tr. 141).  She has a high school education and has further completed two years of college. (Tr. 151).  Her past work experience includes employment as a cashier. (Tr. 147).  She claims she became disabled on February 20, 2008, due to back problems, leg and feet problems, high blood pressure, and potassium. (Tr. 146).  Her last period of work ended on that date. (*Id.*).

On May 7, 2008, Ms. Jackson filed applications for a period of disability, DIB, and SSI. (Tr. 11).  On July 23, 2008, the Commissioner initially denied these claims. (*Id.*).  After Ms. Jackson timely requested a hearing, the ALJ conducted one on November 16, 2009. (*Id.*).  On April 27, 2010, he issued his opinion concluding Ms. Jackson was not disabled and denying her benefits. (Tr. 28).  She timely petitioned

---

[2]In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

[3]42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

the Appeals Council to review the decision on June 18, 2010. (Doc. 9 at 1). On September 27, 2011, the Appeals Council issued a denial of review on her claim. (Tr. 1-4).

Ms. Jackson filed a Complaint with this court on October 25, 2011, seeking review of the Commissioner's determination. (Doc. 1). The Commissioner filed its Answer on February 16, 2012. With the parties having fully briefed the matter, the court has carefully considered the record and reverses the decision of the Commissioner.

## **STANDARD OF REVIEW**

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial

evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological

---

[4]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

   (1)   whether the claimant is currently employed;
   (2)   whether the claimant has a severe impairment;
   (3)   whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
   (4)   whether the claimant can perform his or her past work; and
   (5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). The sequential analysis goes as follows:

   Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

After consideration of the entire record, the ALJ made the following findings:

1. The claimant filed applications for a period of disability, disability insurance benefits, supplemental security income on May 7, 2008, in which she alleged that she became disabled on February 20, 2008. She last has disability insured status on December 31, 2012.

2. There is no evidence that the claimant has performed substantial gainful activity since February 20, 2008.

3. The claimant has the "severe" impairments of morbid obesity, hypertension, peripheral edema, carpal tunnel syndrome, headaches, dizziness/vertigo, rotator cuff tendinitis, sciatica, degenerative disc disease, obstructive sleep apnea, and depression/anxiety. She does not have an impairment, or combination of impairments, which meets or equals the criteria of an impairment listed in Appendix, Subpart P, 20 C.F.R. Part 404.

4. The evidence as a whole fails to confirm disabling limitations arising from the claimant's impairments, and her impairments are not of such severity that they could reasonably be expected to give rise to disabling limitations.

5. The claimant retains the residual functioning capacity ("RFC") to perform sedentary work which allows for no restricted heights, no driving, no overhead reaching of the upper right extremity, occasional bending, no climbing, a temperature controlled environment, a sit/stand option, and occasional use of the hands for fine manipulation. The claimant should experience no more than mild to moderate pain with its mild to moderate restriction on her concentration, persistence, pace, and attendance so long as she does not exceed this residual functional capacity. Any testimony or allegations otherwise are not credible.

6. The claimant is unable to perform her past relevant work, but is capable of performing a significant number of sedentary jobs, considering her

> age, education, past work experience, and residual functioning capacity.

7. The claimant is not disabled within the meaning of the Social Security Act, based on the framework of Rule 201.27 of Appendix 2, Subpart P, 20 C.F.R. Part 404.

## **ANALYSIS**

### I. INTRODUCTION

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5] However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Ms. Jackson urges this court to reverse the Commissioner's decision to deny her benefits on two grounds: (1) the ALJ erred in rejecting the opinion of her long-time treating physician, and (2) the ALJ erred in failing to consider the effect of her impairments in combination. (Doc. 9 at 1-2). The court agrees with the second objection and finds this error requires remand of the case.

---

[5]*Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

## II. THE ALJ WRONGLY FAILED TO CONSIDER THE COMBINED EFFECT OF MS. JACKSON'S SEVERE IMPAIRMENTS.

The ALJ incorrectly evaluated Ms. Jackson's various severe impairments separately and failed to consider whether their combined impact rendered her disabled. In determining whether a claimant is disabled under the Social Security Act, the ALJ must make "specific and well-articulated findings" as to the combined effect of all impairments that a claimant has. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987) (citations omitted); *see also Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) (holding that ALJ must address the degree of impairment cased by the "combination of physical and mental medical problems") (citations omitted); *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (finding that an ALJ did not give adequate consideration to effect that combination of exertional and non-exertional impairments had on claimant's ability to work). Importantly, where there is more than one impairment, the claimant may be found disabled even though none of the individual impairments is disabling. *Walker*, 826 F.2d at 1001 (citation omitted). The ALJ's failure to consider properly a claimant's condition requires remand. *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1220 (11th Cir. 2001).

In this case, the ALJ found that Ms. Jackson had the following severe impairments: morbid obesity, hypertension, peripheral edema, carpal tunnel

syndrome, headaches, dizziness/vertigo, rotator cuff tendinitis, sciatica, degenerative disc disease, obstructive sleep apnea, and depression/anxiety. As Ms. Jackson notes in her brief, the ALJ chose to assess only her hypertension, low back pain, carpal tunnel syndrome, peripheral edema, and morbid obesity in any detail. (Doc. 9 at 10-11) (citing Tr. 20, 23-24). Importantly, he evaluated each of these impairments and their disabling effects singularly, without any acknowledgment of their cumulative effect. He also noted passingly that she had "intermittent complaints" of headaches, fatigue, vertigo and dizziness, shortness of breath, chest pain, and palpitations – as well as "ongoing complaints" of rhinitis and sinusitis. (Tr. 24). But he summarily concluded that the evidence didn't substantiate any disabling limitations arising from these conditions. (*Id.*). Similarly, although he acknowledged that she had been diagnosed with "significant anxiety," he found no evidence of disabling anxiety or depression. (Tr. 25).

He ultimately found, without elaboration, that Ms. Jackson "does not have an impairment, or combination of impairments, which meets or equals the criteria of an impairment listed in Appendix, Subpart P, 20 C.F.R. Part 404." (Tr. 27). This formulaic statement is self-evidently conclusory. It does not show that the ALJ performed the holistic assessment of Ms. Jackson required under the law. *See Davis*, 985 F.2d at 534 ("[A] disability claimant should be evaluated as a whole person, and

not evaluated in the abstract as having several hypothetical and isolated illnesses.") (citations omitted). It certainly doesn't compensate for the absence in the ALJ's opinion of any comparative analysis of her various severe impairments or their aggregate effect on her abilities. In short, the ALJ's finding was neither "specific" nor "well-articulated." *Walker*, 826 F.2d at 1001.

In response, the Commissioner cites two Eleventh Circuit decisions that validate conclusory language virtually identical to that used by the ALJ here. (Doc. 11 at 18) (citing *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) and *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002)). Indeed, *Jones* and *Wilson* suggest a departure from the more rigorous requirements of *Walker* and its progeny. *See Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1199-1200 (M.D. Ala. 2002) (identifying a dichotomy in the case law on the particular requirements imposed on an ALJ in considering the combined effect of a claimant's impairments). The district court in *Williams* aptly described the minimum responsibilities of an ALJ under *Walker*:

> [I]t would appear that, as a baseline consideration, *Walker* requires the ALJ in his analysis or findings at least to *mention* all of the claimant's individual impairments. It further appears that, in support of his ultimate conclusion that the combination of impairments does not meet or equal a listing in the grids or that the combination of impairments does not render the claimant disabled, the ALJ should engage in a pairing analysis which juxtaposes single impairments one with another, to determine whether or not, as an aggregate, they produce

a cognizable disability.

*Id.* at 1200 (emphasis in original). This court finds *Williams* persuasive and further agrees that *Jones* did not overrule *Walker*. *Id.* To the degree that the two decisions are inconsistent, the court is bound by the holdings in *Walker* under the prior panel precedent rule. *See, e.g., Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." (quoting *United States v. Woodward*, 938 F.2d 1255, 1258 (11th Cir. 1991))).

In summary, the ALJ here failed to make "specific and well-articulated findings" on the combined effect of Ms. Jackson's several impairments. *Walker*, 826 F.2d at 1001. On remand, the ALJ is advised to "engage in a pairing analysis which juxtaposes single impairments one with another, to determine whether or not, as an aggregate, they produce a cognizable disability." *Williams*, 186 F. Supp. 2d at 1200.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner did not apply proper legal standards in reaching her final decision. Accordingly, the decision will be reversed and remanded by separate order.

**DONE** and **ORDERED** this 29th day of March, 2013.

/s/ VEHopkins
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge