

FILED
2013 Jun-19 PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **FATIMA JACKSON,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 7:11-CV-3733-VEH** |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **ACTING COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
|    **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is a Motion to Amend or Alter Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 16) filed by the Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"). The court has considered the arguments made in this document, as well as those made in the Response (Doc. 18) filed by the Plaintiff, Fatima Jackson ("Ms. Jackson"). For the following reasons, the Commissioner's Motion is **DENIED**.

**I. Reconsideration is not appropriate.**

As the Commissioner acknowledges, a party may not use a Rule 59 motion to "relitigate old matters, raise arguments or present evidence that could have been

raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005)). Rather, Rule 59 reserves such motions for instances of newly-discovered evidence or manifest errors of law or fact. *Id.* (citing *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)). The Commissioner does not identify any such evidence or errors. Instead, she seeks to make conventional legal arguments that she had ample opportunity to make before the court issued its judgment. More specifically, she justifies her earlier failure to address *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987), and its precedential significance to this case by observing that Ms. Jackson did not discuss the prior panel precedent rule in her original brief seeking reversal of the ALJ's decision. Doc. 16 at 2.

While this observation is strictly accurate, it is irrelevant for Rule 59 purposes. Ms. Jackson argued in her original brief that the ALJ had wrongly failed to considered the aggregate effect of her various claimed impairments. Doc. 9 at 10-11. She prominently cited *Walker* as support. *Id.* at 10. Although she did not reference the prior panel precedent rule, her arguments gave adequate notice to the Commissioner that the court would consider *Walker* in its resolution of the case. In her Response to Ms. Jackson, filed twenty-eight days <u>after</u> Ms. Jackson's brief, the Commissioner simply <u>did not mention</u> *Walker* at all. *See* Doc. 11 at 17-19. Her failure

to dispute the decision's precedential effect before the court entered judgment was therefore unjustified.

**II. Alternatively, the Commissioner's arguments lack merit.**

Even if the Commissioner were not procedurally barred from making her arguments for reconsideration, the court nevertheless finds that she misinterprets Eleventh Circuit precedent. In its judgment reversing and remanding the Commissioner's disability determination, the court cited *Walker* in holding that the ALJ below failed to make "specific and well-articulated findings" on the combined effect of Ms. Jackson's several impairments. Doc. 12 at 8-11. Although later panel decisions appeared to deviate from *Walker*'s rigorous requirements in this arena, *see, e.g.*, *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002), the court concluded that it was bound by *Walker* under the prior panel precedent rule. Doc. 12 at 10-11.

In her Motion, the Commissioner maintains that (1) the court mistakenly relied on *Walker* under the prior precedent rule, and (2) even if *Walker* were binding under this rule, that decision is factually distinguishable from the present one. Doc. 16 at 2. The Commissioner first argues that *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986), and *Wheeler v. Heckler*, 784 F.2d 1073 (11th Cir. 1986), both of which predate *Walker*, should instead bind the court's decision-making on this issue under the prior panel precedent rule. Doc. 16 at 3-5. The court will put aside the issue of whether

3

these cases genuinely undercut *Walker*'s holding on combined impairment effects because it finds that question irrelevant.[1] *Walker* unquestionably post-dates *Jones* and *Wheeler*. But, as the Commissioner notes, the *Walker* court directly relied on *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984), in rendering its holding described above. *See Walker*, 826 F.2d at 1001. In *Bowen*, the Eleventh Circuit determined that the ALJ had wrongly viewed a claimant's various impairments in isolation. 748 F.2d at 634. The ALJ had avoided the "crucial issue" of the combined effect of these impairments. *Id.* (quoting *Strickland v. Harris*, 615 F.2d 1103 (5th Cir. 1980)). The court held:

> [W]here, as here, a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

*Id.* at 635 (citing *Reeves v. Heckler*, 734 F.2d 519 (11th Cir. 1984); *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir. 1982))

---

[1] The Commissioner does not cite any decision issued since *Jones* and *Wheeler* that recognizes an incoherence between these decisions and *Walker*. The court's research reveals that many courts have recognized that *Walker* imposes a rigorous analytical duty on ALJ's when they encounter claimants with multiple impairments. *See Williams v. Barnhart*, 186 F. Supp. 2d 1192, 1199 (M.D. Ala. 2002) (identifying a distinct "progeny" of cases interpreting *Walker* as requiring more than a mere conclusion by an ALJ that the claimant's impairments or combination of impairments does not meet or equal a listing in the regulations)

*Bowen* predates all of the decisions listed above.[2] *Bowen* addressed a factual situation highly similar to the present one. And, as recognized in *Walker*, *Bowen* clearly compels ALJ's to (1) comparatively analyze a claimant's various impairments and (2) address the cumulative effect those impairments have on his or her abilities. The ALJ in this case considered several, but not all, of Ms. Jackson's impairments and did so only separately. *See* Doc. 9 at 10-11 (citing Tr. 20, 23-24). He devoted no space in his opinion to analyzing her impairments' interactive and/or aggregate effect on her functional capacity, a point which the Commissioner does not dispute. Instead, the ALJ perfunctorily concluded, "She does not have an impairment, or combination of impairments, which meets or equals the criteria of an impairment listed in Appendix, Subpart P, 20 C.F.R. Part 404." Doc. 12 at 9 (citing Tr. 27).

This conclusory statement does not qualify as "specific and well-articulated findings as to the effect of the combination of [Ms. Jackson's] impairments." *Bowen*, 748 F.2d at 635. Because this court is bound by *Bowen* under the prior panel precedent rule, it would reverse the Commissioner's disability determination here on this ground alone and remand it to the ALJ to evaluate the matter under the

---

[2]Further, *Bowen* relies on *Strickland*, which is a pre-split Fifth Circuit published opinion, and is itself controlling precedent within this Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

appropriate legal standard. Whether *Walker* may be distinguished from the instant case is thus immaterial. The Commissioner's motion thus fails on the merits as well.

### III. Conclusion

The Commissioner has failed to meet the standard for reconsideration under Federal Rule of Civil Procedure 59(e). Alternatively, her motion fails under a merits-based analysis. Accordingly, the motion is **DENIED**.

**DONE** and **ORDERED** this the 19th day of June, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge